# United States Court of Appeals
## For the First Circuit

No. 02-1887

MARIA ZUKOWSKI,

Plaintiff, Appellant,

v.

ST. LUKES HOME CARE PROGRAM,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. Garcia-Gregory, U.S. District Judge]

Before

Selya, Circuit Judge,
Coffin, Senior Circuit Judge,
and Lipez, Circuit Judge.

Idalia Marie Diaz-Pedrosa with whom Moreda & Moreda was on brief for appellant.
Anita Montaner-Sevillano with whom Francisco Chevere and McConnell Valdes were on brief for appellee.

April 18, 2003

**COFFIN, <u>Senior Circuit Judge</u>.**  Appellant Maria Zukowski was discharged by her employer, appellee St. Lukes Home Care Program, following a verbal exchange with a supervisor about a memo concerning her history of absenteeism and tardiness.  Appellee says she was fired because the memo incident was the third instance of disrespectful behavior toward co-workers, and she previously had been warned that another episode would lead to discharge.  Appellant, however, maintains that she was terminated based on her age and national origin.

The United States District Court for the District of Puerto Rico granted summary judgment for appellee, concluding that the offered evidence of discrimination was insufficient to support appellant's claims.  She sought reconsideration, primarily based on a prior Commonwealth court finding that she had been wrongfully terminated; she asserted that the earlier ruling determined that St. Lukes' justification for her firing was pretextual, and she accused appellee of misrepresentation "tantamount to fraud" for failing to fully inform  the federal court of the significance of that decision.  The district court refused to disturb its earlier ruling, and this appeal followed.  We affirm.

## I. <u>Background</u>

We briefly set out additional details relevant to our consideration of the appeal.   The incident that triggered appellant's discharge occurred late on Friday, March 13, 1992.

Appellant and other employees in her department received memoranda from their supervisor, Eugenia Rivera, about their vacation and sick time. Appellant stated that she was "traumatized" by the memo, and it is undisputed that she expressed disagreement with its contents and complained that it had ruined her weekend. In a memo on the incident, Rivera reported that appellant had spoken to her "in an altered and disrespectful manner" in front of other employees, asserted that she (appellant) would not work overtime any more, and complained that this was "worse than communism with Fidel Castro." Rivera's superiors stated that they investigated the incident and reviewed appellant's disciplinary file before terminating her on March 17. She was forty-seven years old.

Following her discharge, appellant initially filed a claim against St. Lukes in the Puerto Rico Court of First Instance (CFI), Ponce District, alleging unjust dismissal under Puerto Rico "Law 80," P.R. Laws Ann. tit. 29, §§ 185a-185m.[1] In finding in appellant's favor, the CFI judge stated that Rivera was "neither credible nor trustworthy, when stating that [appellant] reacted in a very belligerent and disrespectful manner." The court further observed:

> The version about said events provided by [appellant] seems, to us, to be more credible when she indicated that

---

[1] Law 80 deems as without just cause discharges made "by the mere whim or fancy of the employer or without any reason related to the proper and normal operation of the establishment." 29 P.R. Laws Ann. tit. 29, § 185b.

she had asked how she could improve her absences from vacation, if those were entitlements acknowledged by law, and the same as to any days she was entitled to under sick leave. Equally trustworthy was [appellant's] statements indicating that her only comment at the time was that, as a result of such notice, her week-end had gone afoul.

The court, after observing that other employees also made comments about the memo but were not disciplined, concluded that "[t]he sanctions imposed in view of the comments made by Complainant to Mrs. Rivera Collazo, are way out of proportion."

After exhausting the requisite administrative requirements, appellant in October 1998 filed this action in federal court alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634, and Puerto Rico's employment discrimination statute, "Law 100," P.R. Laws Ann. tit. 29, § 146. To support her discrimination claims, appellant, who is of German origin, offered the following evidence: (1) comments by two co-workers in 1986 and her supervisor, Rivera, in 1990 or 1991, about the way she pronounced "the 'ss' sound," (2) that Rivera and others would refer to her as "the German" or "the Polish," (3) a critical comment "yell[ed]" at her by St. Lukes' executive director, Luz N. Rodriguez, about gift customs "in your country," (4) that on one occasion in 1986 when plaintiff was covering the switchboard, Rodriguez told plaintiff she was not being understood when she spoke, (5) that Rivera and another employee would

sometimes call her "la vieja" (old woman), and (6) on one occasion, Rivera asked her why she did not resign, get food stamps, and go take care of her mother.

St. Lukes moved for summary judgment on May 26, 2000, and appellant replied on September 18 of that year. On May 8, 2002, represented by new counsel, appellant filed a motion for additional discovery under Fed. R. Civ. P. 56(f).

Five days later, on May 14, 2002, the district court entered its summary judgment ruling (which was dated May 10). The court discounted all of the allegedly discriminatory comments cited by appellant, noting that some were "far removed from the date of dismissal in 1992" and that none was "even remotely related to the decisional process of firing plaintiff." Citing Baralt v. Nationwide Mut. Ins. Co., 251 F.3d 10, 17 (1st Cir. 2001), the court stated that the alleged comments "are best characterized as the kind of 'stray remarks that [can be] suggestive but [are] often found [to be] insufficient to prove discrimination in the absence of more meaningful evidence.'" The court thus found that the evidence in the record failed to support an inference of unlawful discrimination based on either age or national origin, and it entered summary judgment in favor of St. Lukes.[2] On May 15, the

---

[2] The court dismissed with prejudice the Title VII and ADEA claims and dismissed the supplemental claim under Puerto Rico law without prejudice.

court denied appellant's Rule 56(f) motion without addressing the merits, noting that the case had been dismissed.

Appellant moved for reconsideration under Fed. R. Civ. P. 59(e), arguing that the CFI ruling on her Law 80 claim established that St. Lukes' justification for the discharge – her supposedly disrespectful conduct on March 13 and her prior discipline history – was a pretext, and that she therefore was entitled to move forward with her discrimination claims or have judgment entered in her favor. She claimed that St. Lukes induced the federal court to overlook the findings in the Commonwealth judgment and that the company's misrepresentations about that earlier ruling were "tantamount to fraud." She further requested that the court consider the arguments previously made in her motion under Rule 56(f) for additional discovery.

The district court denied the motion for reconsideration, but responded explicitly only on the Rule 56(f) issue, stating that appellant's motion was untimely because it was filed two years after St. Lukes moved for summary judgment. Appellant then brought this appeal, in which she argues that the court erred in failing to address and credit her contention that the CFI decision precluded summary judgment for her employer. She contends that St. Lukes' misrepresentations led the court to its erroneous grant of summary judgment and that that decision should therefore be vacated.

## II. Discussion

In essence, appellant's claim on appeal is that the district court should have granted her motion for reconsideration because the CFI judgment substantiates the validity of her discrimination claims against St. Lukes, and it was St. Lukes' dissembling – bordering on fraud – that kept the full impact of that ruling from the district court before its summary judgment decision.[3]

We have multiple difficulties with this view of the case. First, St. Lukes by no means concealed the CFI judgment from the district court; indeed, St. Lukes argued in its motion for summary judgment that res judicata, based on the Commonwealth ruling, was a bar to appellant's federal action. St. Lukes also referenced the CFI action, including the case number, in the Statement of Uncontested Facts it submitted with its motion for summary judgment. Second, appellant obviously was aware of the Commonwealth court findings and had every opportunity to argue that they foreclosed summary judgment, but did not do so.

Moreover, the CFI ruling does not substantively undercut the district court's summary judgment decision. The Commonwealth court, crediting appellant's version of the March 13 incident,

---

[3] Under Fed. R. Civ. P. 59(e), a court may alter or amend a judgment based on a "'manifest error of law or fact'" or newly discovered evidence. Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997) (citation omitted). We note that the rule "does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." Id. (citation omitted).

-7-

found that termination was excessive discipline for the nature of her conduct and that her dismissal was therefore unjust. The court's ruling accepts, however, that some kind of confrontation between appellant and Rivera occurred; and the court did not attribute the termination to any other motivation, such as age or national origin discrimination. Appellant's suggestion that the decision establishes pretext is, therefore, without foundation.

At best, the Commonwealth decision allowed appellant to argue in federal court that, based on the CFI findings, some explanation other than her "disrespectful" behavior must have motivated the termination. Under both Title VII and the ADEA, however, she had the burden of proving that it resulted from unlawful discrimination rather than, for example, "an insensitive overreaction to a series of minor transgressions." Baralt, 251 F.3d at 18. To defeat summary judgment, therefore, appellant needed to produce competent evidence of either age or national origin discrimination.

The district court concluded in its summary judgment decision that the evidence she offered – the various comments noted above – was inadequate to permit a jury to rule in her favor. Appellant does not argue in her brief that the district court erred in reaching that conclusion; she limits her focus to the CFI ruling and its implications. We have said enough on why that challenge fails to taint the grant of summary judgment.

Indeed, appellant's notice of appeal seeks review of only the district court's denial of her motion for reconsideration, not its substantive summary judgment ruling, and our review is accordingly limited to the court's refusal to reopen the case.  See <u>Aybar</u> v. <u>Crispin-Reyes</u>, 118 F.3d 10, 13-15 (1st Cir. 1997).[4]  We may disturb that judgment only for an abuse of discretion or error of fact or law.  <u>Id.</u> at 13, 15; <u>see</u> <u>also</u> <u>Perez</u> v. <u>Volvo Car Corp.</u>, 247 F.3d 303, 318-19 (1st Cir. 2001).  As our discussion makes clear, neither occurred here.

<u>Affirmed.</u>

---

[4] Although this limitation is flexible when it "can be fairly inferred from the notice" that appellant intended to appeal more than just the specified order, <u>Aybar</u>, 118 F.3d at 15 n.5 (citation omitted), appellant in this case consistently has focused on the motion to reconsider, and we find no basis to extend the appeal beyond review of that ruling.