# United States Court of Appeals
## For the First Circuit

No. 17-1723

COMITÉ FIESTAS DE LA CALLE SAN SEBASTIÁN, INC.,

Plaintiff, Appellant,

v.

CARMEN YULÍN CRUZ SOTO, in her official and personal capacities;
MUNICIPALITY OF SAN JUAN,

Defendants, Appellees,

SPANISH BROADCASTING SYSTEM OF PUERTO RICO, INC.; ALFREDO
CARRASQUILLO,

Defendants.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

---

Before

Howard, Chief Judge,
Thompson and Kayatta, Circuit Judges.

---

Jane A. Becker Whitaker, with whom Law Offices of Jane Becker
Whitaker was on brief, for appellant.
    Héctor Benítez Arraiza and Patricia Rivera MacMurray, with
whom Quiñones, Arobona & Candelario, PSC, Giselle M. Martínez-
Velázquez, and Raul S. Mariani-Franco were on brief, for appellees.

May 29, 2019

**KAYATTA**, **Circuit Judge**. The Comité Fiestas de la Calle San Sebastián, Inc. ("the Comité") is a non-profit corporation that promotes and helps run the Fiestas de la Calle San Sebastián festival in San Juan, Puerto Rico. This lawsuit arises from the Comité's unhappiness with its diminished assigned role as vendor and presenter at the 2015 Fiestas de la Calle San Sebastián celebration. After discovery, the district court granted summary judgment for San Juan Mayor Carmen Yulín Cruz and the municipality of San Juan on the Comité's trademark-infringement and First Amendment retaliation, political discrimination, and religious discrimination claims. We now affirm.

## I.

We first survey the pertinent facts. The Fiestas de la Calle San Sebastián is a four-day festival held in Old San Juan. The Comité takes part in organizing and running the festival in conjunction with the municipality of San Juan and likens its role to that of the New York Road Runners in planning and orchestrating the New York City Marathon. Specifically, it "promote[s] traditional Puerto Rican music and culture, particularly the celebration of Saint [Sebastián]" at the festival. The Comité purports to be the successor organization of an older group, the Vecinos de la Calle San Sebastián, which revitalized the festival.

In 2014, the Comité -- which considers itself an apolitical entity -- publicly criticized Mayor Cruz for

- 3 -

deemphasizing the religious and traditional aspects of the celebration and for "turning historic Old San Juan into a big bar with contests to see who could drink the most."  The Comité alleges that the municipality and Mayor Cruz, who is a member of the Popular Democratic Party, retaliated against the Comité in various ways in response to this criticism.  Specifically, the Comité claims that the municipality awarded it a less advantageous vendor contract than in previous years; imposed upon the Comité onerous certification requirements that it did not enforce against two other vendors with connections to the Popular Democratic Party; and granted a coveted entertainment timeslot, during which the Comité had previously presented traditional Puerto Rican music, to a donor of the Popular Democratic Party.

The Comité brought First Amendment political discrimination, retaliation, and religious discrimination claims as well as counts for trademark infringement, alleging that the Comité owns the "Fiestas de la Calle San Sebastián" mark.  After discovery, the district court granted summary judgment for Cruz and the municipality on all counts.  Comité Fiestas de la Calle San Sebastián, Inc. v. Cruz, 207 F. Supp. 3d 129, 148 (D.P.R. 2016).  The Comité then filed a Rule 59(e) motion for reconsideration.  The Comité's accompanying memorandum reasserted its position that the record precluded summary judgment on the Comité's political discrimination, trademark, and libel claims.

- 4 -

In support of its trademark-infringement claims, the Comité also brought new evidence from the U.S. Patent and Trademark Office (PTO) in the form of a preliminary authorization to publish the "Fiestas de la Calle San Sebastián" mark. Comité Fiestas de la Calle San Sebastián, Inc. v. Cruz, No. 14-1929 (FAB), 2017 WL 6888519, at *1 (D.P.R. May 19, 2017). The district court denied the motion, id. at *2, and this appeal followed.

## II.

### A.

We first address our jurisdiction to consider the Comité's timely appeal. Federal Rule of Appellate Procedure 3(c)(1)(B) requires that a notice of appeal "designate the judgment, order, or part thereof being appealed." While "[c]ourts will liberally construe the requirements of Rule 3," its strictures "are jurisdictional in nature, and their satisfaction is a prerequisite to appellate review." Smith v. Barry, 502 U.S. 244, 248 (1992).

The Comité's notice of appeal references only the district court's denial of its Rule 59(e) motion for reconsideration. The Comité's opening brief on appeal, however, solely challenges portions of the underlying summary judgment order. The government defendants argue that this misalignment strips us of our ability to reach the merits of the district court's summary judgment order.

- 5 -

Our circuit's Rule 3(c)(1)(B) precedents certainly accommodate a robust application of waiver in circumstances such as this one. We have several times ruled that we do not have jurisdiction to review an underlying judgment when the notice of appeal designates only the district court's denial of a motion for reconsideration. See Zukowski v. St. Lukes Home Care Program, 326 F.3d 278, 282 (1st Cir. 2003); Mariani-Girón v. Acevedo-Ruiz, 945 F.2d 1, 3 (1st Cir. 1991); see also Wright & Miller, Fed. Practice & Procedure § 3949.4 (4th ed. 2018). However, our case law also has some looseness in its joints. We have recognized, for instance, that "courts have some latitude to consider other grounds originally urged against the underlying dismissal, especially where the issues on original dismissal and the reconsideration order overlap or are intertwined." Díaz Aviation Corp. v. Airport Aviation Servs., Inc., 716 F.3d 256, 262 (1st Cir. 2013) (quoting McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207, 213 (1st Cir. 2012)); see generally Wright & Miller, supra, § 3949.4 ("[C]ourts have often been willing to rescue such appellants by inferring that they meant to appeal from the underlying judgment . . . .").

Accordingly, in Díaz Aviation, we considered the merits of a district court's underlying judgment when the notice of appeal only referenced the court's denial of a motion for reconsideration because the "motion for reconsideration largely rehashed the arguments . . . made in opposition to the original judgment." 716

F.3d at 262. Under similar circumstances, in Town of Norwood v. New England Power Company, we addressed a challenge to the district court's motion-to-dismiss order because the appellant's motion for reconsideration "cover[ed] . . . more or less the same points . . . earlier made to the district court" on the motion to dismiss. 202 F.3d 408, 415 (1st Cir. 2000).

Here, as in Díaz Aviation and Town of Norwood, the Comité's Rule 59(e) motion (with the sole exception of the reference to new evidence on the trademark claim) raised "mere[] elaborations of claims already presented." Comité Fiestas de la Calle San Sebastián, Inc., 2017 WL 6888519, at *1 n.2. Specifically, the Comité largely rehashed the same arguments as to its political discrimination and trademark claims that it raised in its opposition to summary judgment and that it now seeks to raise before us on appeal. And, as far as these claims are concerned, a challenge to the denial of its motion for reconsideration and a challenge to the entry of summary judgment for the government defendants turn on the same issue of law -- that is, whether a de novo review of the record supported the district court's conclusions that there is no genuine issue of material fact and the government defendants are entitled to judgment as a matter of law. See, e.g., Best Auto Repair Shop, Inc. v. Universal Insur. Grp., 875 F.3d 733, 737 (1st Cir. 2017) ("We 'normally review a district court's decision to grant or deny

a motion for reconsideration for abuse of discretion.' But here, as 'the parties' arguments [are] directed to the underlying substantive issue (the propriety vel non of summary judgment) rather than the procedural issue (the desirability vel non of reconsideration),' we review de novo the summary judgment ruling." (citation omitted) (quoting Santiago v. Puerto Rico, 655 F.3d 61, 67 (1st Cir. 2011))), cert. denied, 139 S. Ct. 119 (2018).

Additionally -- and importantly -- deeming the notice of appeal sufficient to preserve for appellate review the overlapping issues of law raised by the summary judgment ruling and the Rule 59(e) ruling will cause no unfair prejudice to the appellees in this case or to the administration of the appeal. The appellees were timely apprised of the Comité's appeal. They point to no reliance of any type on the substance of the notice. And both parties have fully briefed the merits in ordinary course. As the Supreme Court has observed, "[i]t is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure" to favor dispositions based on "mere technicalities." Foman v. Davis, 371 U.S. 178, 181 (1962); see also Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 4 (1st Cir. 2002) ("[B]oth sides have fully briefed the merits, and undertaking appellate review of the original order of dismissal would not unfairly prejudice [appellee]."). Moreover, had the notice more wisely appealed the "final judgment," the defendants would have learned

exactly which orders the Comité wished to challenge in its appeal no sooner than they did here. See Denault v. Ahern, 857 F.3d 76, 81-82 (1st Cir. 2017) (explaining that an appeal of the final judgment also appeals all interlocutory orders).

That the Comité's Rule 59(e) motion also included new argumentation as to its trademark claim should not strip us of our jurisdiction over these other, preserved arguments. In Biltcliffe v. CitiMortgage, Inc., we found that we lacked jurisdiction over a plaintiff's challenge to the district court's entry of summary judgment when his notice of appeal only referenced his motion for reconsideration and his memorandum in support of reconsideration advanced additional arguments not raised at summary judgment. 772 F.3d 925, 929-30 (1st Cir. 2014). Importantly, we did so in part because we construed the plaintiff's opening appellate brief as only advancing arguments directed at the district court's denial of the motion for reconsideration, see id. ("To the extent [Biltcliffe] revisits certain substantive bases for the district court's summary judgment order, he argues only that the court made manifest errors of law and, as a result, abused its discretion . . . ."), vitiating any claim that the defendant had proper notice of the plaintiff's intent to appeal the entry of summary judgment. Here, by contrast, the plaintiff's opening appellate brief plainly and exclusively sought direct review of the summary judgment ruling under Rule 56. Accordingly, we hold that the Comité's appeal

fairly encompasses both the Rule 59(e) ruling and those parts of the district court's summary judgment order that are addressed in the Comité's memorandum in support of its Rule 59(e) motion (i.e., the Comité's political discrimination and trademark-infringement claims).

Despite our willingness to broadly construe the notice of appeal, the Comité has nonetheless failed to preserve for our review every claim that it includes in its appellate briefs. The Comité's First Amendment retaliation claim was not raised at all in its motion for reconsideration, so our dispensation for overlapping arguments cannot save that claim. And while the Comité's appeal of the Rule 59(e) motion plainly sufficed to preserve the Comité's argument that new evidence from the PTO supported its trademark claim, the Comité chose not to raise that argument in its main brief on appeal. Hence, this claim is waived. See Sparkle Hill, Inc. v. Interstate Mat Corp., 788 F.3d 25, 29 (1st Cir. 2015).

**B.**

We finally turn to the merits of the preserved rulings. The Comité's political discrimination claim rests on the allegation that the government defendants gave more favorable organizational roles and contracts to two other event organizers due to their political support for Mayor Cruz and the Popular Democratic Party. The Comité also alleges that the government

- 10 -

defendants subjected it to a more rigorous permitting process than it did these political supporters.  The district court nipped this claim in the bud on summary judgment because the Comité pointed to no evidence that the government defendants knew the political affiliation of the Comité or its members.  <u>Comité Fiestas de la Calle San Sebastián, Inc.</u>, 207 F. Supp. 3d at 144.  The court's legal premise aptly captures the law:  A plaintiff bringing a claim that a government entity discriminated against it based on political affiliation need generally prove, as a starter, that the defendant was aware of the plaintiff's relevant affiliation (or lack thereof).  <u>See</u> <u>Barry</u> v. <u>Moran</u>, 661 F.3d 696, 704 (1st Cir. 2011); <u>Lamboy-Ortiz</u> v. <u>Ortiz-Vélez</u>, 630 F.3d 228, 239 (1st Cir. 2010). So, the only question for us is whether the record lacks such evidence.

The Comité points to four pages of the record that it claims undermine the district court's assessment of the summary-judgment record.  But as best as we can tell from those pages, they show only that, during discovery, it became clear that the Comité itself is apolitical and that the political activities of its principal members remain unknown.  There is no cognizable evidence that the pertinent city officials knew these facts when they made the challenged decisions.

In its brief on appeal, the Comité asserts that Mayor Cruz's "preferred contractors all donated to Mayor Cruz's

- 11 -

campaign," evidencing the government defendants' hostility toward the Comité for "fail[ing] to show public support for Mayor Cruz." Certainly, a plaintiff can support a prima facie case of political discrimination by showing that its "decision not to associate with a political party or faction" was a substantial or motivating factor in an employer's decision to take an adverse employment action against the plaintiff. See Barry, 661 F.3d at 703-04. On appeal, however, the Comité points to no evidence that those deciding to favor the preferred contractors knew that these contractors supported the Mayor or her political party. Rather, the Comité points only to evidence produced in discovery demonstrating that the contractors admitted to voting for or supporting the Popular Democratic Party at some unknown time in the past and that one acknowledged donating to the Mayor after the decisions at issue here had already been made. On such a record, it takes too much speculation to infer that those deciding to favor the preferred contractors considered them political allies. We therefore cannot conclude that the district court erred in dismissing the Comité's political discrimination claim on such a record. See Rivera-Cotto v. Rivera, 38 F.3d 611, 614 (1st Cir. 1994) ("Without more, a nonmoving plaintiff-employee's unsupported and speculative assertions regarding political discrimination will not be enough to survive summary judgment.").

As to the Comité's trademark claim, its opening brief points to nothing in the record establishing that the "Fiestas de la Calles San Sebastián" term has gained the secondary meaning required to obtain trademark protection. See Bos. Beer Co., Ltd. v. Slesar Bros. Brewing Co., 9 F.3d 175, 181 (1st Cir. 1993) (explaining that descriptive terms are entitled to trademark protection only upon attaining secondary meaning). And even were we to consider the affidavits the Comité relies upon for this point in its reply brief, none even hints that the public associates this term with a single commercial source. Bos. Duck Tours, LP v. Super Duck Tours, LLC, 531 F.3d 1, 13 (1st Cir. 2008) (observing that establishing secondary meaning requires proof that the "public associates the term or phrase not only with a specific feature or quality, but also with a single commercial source").

Thus, because the Comité has failed to show that any "trial[-]worthy issue persists" as to its political discrimination and trademark-infringement claims, Iverson v. City of Bos., 452 F.3d 94, 98 (1st Cir. 2006), the district court did not err in entering summary judgment for the government defendants on those claims.

## III.

For the foregoing reasons, we affirm the district court's entry of summary judgment for the government defendants

and the district court's denial of the Comité's motion for reconsideration.