# United States Court of Appeals
## For the First Circuit

No. 14-1043

JAMES BILTCLIFFE,

Plaintiff, Appellant,

v.

CITIMORTGAGE, INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. F. Dennis Saylor IV, U.S. District Judge]

Before

Howard, Selya, and Stahl,
Circuit Judges.

Evan P. Lowney, with whom Mazonson Law Office, P.C. was on brief, for appellant.
Donald E. Frechette and Joseph A. Farside, Jr., with whom Edwards Wildman Palmer LLP was on brief, for appellee.

November 25, 2014

**STAHL, Circuit Judge**.  After Defendant-Appellee initiated foreclosure proceedings on Plaintiff-Appellant's house, he filed suit, alleging breach of contract, unjust enrichment, and breach of the covenant of good faith and fair dealing.  The district court granted summary judgment to Defendant on all counts, and denied Plaintiff's motion for reconsideration.  We affirm.

## I.  Facts & Background

James and Kathleen Biltcliffe purchased a home in Bridgewater, Massachusetts in 2004.  The Biltcliffes' mortgage was ultimately assigned to Defendant CitiMortgage, Inc.  The mortgage agreement allows for acceleration of the debt in the event of default, provided the mortgagee gives the mortgagor notice and the opportunity to cure.  The agreement permits CitiMortgage to invoke the statutory power of sale if the borrower fails to cure the default or pay the accelerated debt.  The mortgage document also provides that the lender "may accept any payment or partial payment . . . without waiver of any rights hereunder."

The Biltcliffes defaulted on their mortgage payments in 2008.  While Plaintiff avers that the couple never received written notice of default, Defendant provided the district court with two demand letters addressed to Plaintiff's home, one dated September 4, 2008 and the other September 24, 2008.  Both letters gave the

Biltcliffes ninety days to make up missed payments and late fees,[1] warning that "[f]ailure to cure . . . may result in the acceleration of all sums due."  Plaintiff did not make up the payments and Citi accordingly accelerated the debt, notifying the couple by letter dated April 9, 2010 and addressed to their home. Although Plaintiff's complaint alleged that he "can find no record of notice of any such acceleration ever having occurred," Defendant submitted an affidavit from one of its attorneys verifying the authenticity of the acceleration notice and confirming that it was sent.

Plaintiff and his wife filed for Chapter 13 bankruptcy in March of 2011.  Five months later, in August, Defendant sent the Biltcliffes a Home Affordable Modification Program (HAMP)[2] modification offer.  The HAMP offer stated explicitly that the loan documents "will not be modified unless and until . . . the Lender accepts this Agreement by signing and returning a copy of it to [the borrower]."  Plaintiff and his wife signed the HAMP agreement and returned it to Defendant.  Though Defendant never returned a

_____

[1] While the current Massachusetts statute gives homeowners 150 days to cure if certain conditions are met, both parties agree that the pre-2010 version of the statute applies here.  Compare Mass. Gen. Laws ch. 244, § 35A, with 2007 Mass. Acts ch. 206, § 11.

[2] HAMP is a federal program intended to encourage lenders and loan servicers to offer loan modifications to certain eligible borrowers.  See generally Young v. Wells Fargo Bank, N.A., 717 F.3d 224, 228-29 (1st Cir. 2013) (describing HAMP's purpose and structure).

signed copy to the Biltcliffes, the couple began making a lower monthly payment on their mortgage.

A few months later, Defendant denied Plaintiff's HAMP application by letter dated December 9, 2011. According to Plaintiff's complaint, the couple's Chapter 13 bankruptcy action was dismissed on July 20, 2012. See 11 U.S.C. § 1307. The next month, Defendant invoked its statutory power of sale and sent a notice of foreclosure sale to Plaintiff's home address. Plaintiff filed suit in state court, alleging breach of contract, unjust enrichment, and breach of the covenant of good faith and fair dealing.

Defendant removed the case to federal court based on diversity jurisdiction and moved for judgment on the pleadings. See Fed. R. Civ. P. 12(c). Thereafter, the district court notified the parties that it intended to consider documents submitted by the parties and treat Defendant's motion as one for summary judgment. See Fed. R. Civ. P. 12(d). The district court entered an electronic order granting the parties seventeen days to file additional affidavits in support of or in opposition to Defendant's motion. The day after the July 1, 2013 deadline, Plaintiff asked for a twenty-one-day extension in order to gather information to counter the affidavits and documents that Defendant timely filed the day before. The district court found that Plaintiff failed to show good cause for a late filing and denied his motion for

-4-

additional time.  The district court granted summary judgment to Defendant on all counts and denied Plaintiff's motion for reconsideration.  Biltcliffe v. CitiMortgage, Inc., 952 F. Supp. 2d 371 (D. Mass. 2013).  This appeal followed.

## II. Analysis

### A. Scope of Plaintiff's Appeal

Plaintiff's notice of appeal presents the court with a preliminary jurisdictional quandary.  Although Plaintiff now asserts that he appeals from both the district court's summary judgment decision and the denial of his motion for reconsideration, Plaintiff's notice of appeal states only that he appeals from "Final Order Denying Reconsideration of Entry of Judgment, entered in this action on November 22, 2013."  The district court clerk entered the notice of appeal only as to "[Docket Entry] 45, Order on Motion for Reconsideration"; Plaintiff did not seek to correct that docket entry.  However, Plaintiff's docketing statement in this court, filed twenty days after his notice of appeal, lists July 10, 2013 -- the date of the district court's summary judgment decision -- as the "[d]ate of entry of judgment or order appealed from."

A party's notice of appeal must "designate the judgment, order, or part thereof being appealed."  Fed. R. App. P. 3(c)(1)(B).  Rule 3(c) requirements are "jurisdictional in nature, and their satisfaction is a prerequisite to appellate review."

-5-

<u>Smith</u> v. <u>Barry</u>, 502 U.S. 244, 248 (1992). While the Supreme Court instructs us to interpret these requirements broadly, it has warned litigants that the "principle of liberal construction" will not "excuse noncompliance with the Rule." <u>Id.</u>; <u>see also</u> <u>Chamorro</u> v. <u>Puerto Rican Cars, Inc.</u>, 304 F.3d 1, 3 (1st Cir. 2002) (noting that while courts are not "invariably . . . bound to read the notice of appeal literally," "rescue missions are not automatic, and litigants will do well to draft notices of appeal with care"). As a general rule, appellate jurisdiction is "limited to review of orders and judgments specifically described in the notice of appeal." <u>Rojas-Velázquez</u> v. <u>Figueroa-Sancha</u>, 676 F.3d 206, 209 (1st Cir. 2012). Thus, "failure to include a particular issue in a notice of appeal can be fatal to this court's jurisdiction over that issue." <u>Constructora Andrade Gutiérrez, S.A.</u> v. <u>Am. Int'l Ins. Co. of P.R.</u>, 467 F.3d 38, 43 (1st Cir. 2006); <u>see also</u> <u>Mariani-Giron</u> v. <u>Acevedo-Ruiz</u>, 945 F.2d 1, 3 (1st Cir. 1991) ("[A]n appeal from the denial of a Rule 59(e) motion is not an appeal from the underlying judgment.").

At oral argument, Plaintiff's counsel characterized his notice of appeal designation as an "accident" caused in part by the short amount of space provided on the form to write in the order being appealed from. Counsel argued that Plaintiff's notice of appeal, read in the context of the full record, including the docketing statement, fairly put CitiMortgage on notice that he

intended to appeal both the summary judgment and the reconsideration decisions. See Kotler v. Am. Tobacco Co., 981 F.2d 7, 11 (1st Cir. 1992). We are not persuaded that this is so.

Past cases have construed a notice of appeal solely referencing the denial of reconsideration as encompassing appeal from the final judgment where the appellant's motion for reconsideration "largely rehashed the arguments it made in opposition to the original judgment." Díaz Aviation Corp. v. Airport Aviation Servs., Inc., 716 F.3d 256, 262 (1st Cir. 2013); see also Town of Norwood v. New England Power Co., 202 F.3d 408, 415 (1st Cir. 2000) (reviewing both reconsideration decision and underlying dismissal where Rule 59(e) motion covered "more or less the *same* points" as opposition to dismissal and district court "tersely denied [the motion for reconsideration] relying on its original decision") (emphasis in original). Other recent cases in this circuit have declined to reach this jurisdictional question when the denial of reconsideration specifically listed in the notice of appeal presents issues intertwined with the underlying judgment such that "full as opposed to limited review does not alter the outcome [of the] case." McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207, 214 (1st Cir. 2012); Markel Am. Ins. Co. v. Díaz-Santiago, 674 F.3d 21, 27 (1st Cir. 2012). Here, while the Plaintiff's motion for reconsideration pointed to flaws in the earlier grant of summary judgment, the motion also raised new and

unique issues related to the district court's procedural handling of the case. Plaintiff's brief on appeal challenges the reconsideration denial on grounds distinct from argument concerning the summary judgment decision. To the extent he revisits certain substantive bases for the district court's summary judgment order, he argues only that the court made manifest errors of law and, as a result, abused its discretion; in other words, he makes arguments we can properly resolve on appeal from the denial of his motion for reconsideration. Those arguments, however, do not give us license to extend our analysis and reconsider the summary judgment order in full.

While we do not doubt that Plaintiff may well have hoped to appeal both decisions, it is "the notice afforded by a document, not the litigant's motivation in filing it, [that] determines the document's sufficiency" under Rule 3(c). Smith, 502 U.S. at 248. Plaintiff's notice of appeal makes no reference to the district court's grant of summary judgment and specifically lists the reconsideration decision. The document cannot fairly be said to give CitiMortgage notice of Plaintiff's intent to appeal anything but the reconsideration decision and therefore fails to meet Rule 3(c)(1)(B)'s designation requirement as to any other order. Cf. Kotler, 981 F.2d at 11 ("Omitting [one] order while, at the same time, designating a completely separate and independent order

-8-

loudly proclaims plaintiff's intention not to appeal from the former order.").

## B. Denial of Motion for Reconsideration

Because Plaintiff appealed only from the denial of his motion for reconsideration, our review is limited to the deferential abuse of discretion standard. Int'l Strategies Grp., Ltd. v. Greenberg Traurig, LLP, 482 F.3d 1, 6 (1st Cir. 2007). A party may seek to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). Rule 59(e) relief is granted sparingly, and only when "the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." Global Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 25 (1st Cir. 2007). A motion for reconsideration is not the venue to undo procedural snafus or permit a party to advance arguments it should have developed prior to judgment, Iverson v. City of Boston, 452 F.3d 94, 104 (1st Cir. 2006), nor is it a mechanism to regurgitate "old arguments previously considered and rejected," Nat'l Metal Finishing Co., Inc. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990).

Plaintiff urges reversal of the district court's denial of reconsideration based on four grounds. We consider each in turn. First, he asserts that the district court abused its discretion when it failed to discuss Shealey v. Fed. Ins. Co., 946

F. Supp. 2d 193 (D. Mass. 2013), in its reconsideration order. From what we can discern, <u>Shealey</u>, a decision by the same district court judge where a plaintiff somewhat similarly presented only his own sworn statements as evidence, does not control the outcome of Plaintiff's Rule 59(e) motion. In any event, courts are not required to address every case cited by a litigant, and declining to distinguish a particular non-controlling decision can hardly constitute an abuse of discretion.

Second, Plaintiff avers that the district court committed a manifest error of law in concluding that the demand letters sent in 2008 were statutorily sufficient to constitute an acceleration. This argument misconstrues the district court's analysis. Neither CitiMortgage nor the district court asserted that the 2008 default notices accelerated Plaintiff's debt; the 2008 demand letters stated only that "failure to cure . . . *may* result in the acceleration of all sums due" (emphasis added). As the district court properly concluded, CitiMortgage did not accelerate Plaintiff's debt until 2010, when its attorneys sent an acceleration notice to Plaintiff's home.

Third, Plaintiff asserts that the district court also committed a manifest error of law when it declined to reconsider its grant of summary judgment on Plaintiff's unjust enrichment claim. The district court based its grant of summary judgment, in part, on the rationale that Plaintiff alleged the same damages

-10-

under both his breach of contract and unjust enrichment cause of action, declining to reach the latter because the former gave Plaintiff an adequate remedy at law. Under Massachusetts law, the existence of a contractual relationship between the parties typically precludes an unjust enrichment claim arising out of that contract. Metro. Life Ins. Co. v. Cotter, 984 N.E.2d 835, 849 (Mass. 2013) ("Ordinarily, a claim of unjust enrichment will not lie 'where there is a valid contract that defines the obligations of the parties.'") (quoting Boston Med. Ctr. Corp. v. Sec'y of Exec. Office of Health & Human Servs., 974 N.E.2d 1114, 1132 (Mass. 2012)). The denial of Plaintiff's motion for reconsideration pointed to another reason for summary judgment on this claim: CitiMortgage could not be unjustly enriched by accepting the Biltcliffes' partial payment when the couple owed a *higher* amount each month. Under either rationale, the district court did not commit a manifest error of law warranting reconsideration.

Finally, Plaintiff argues that the district court should have granted his motion for reconsideration because he submitted newly discovered evidence in support of his motion, to wit, two affidavits from his attorneys disputing the authenticity of documents submitted by Defendant at the summary judgment stage. Plaintiff's motion for reconsideration argued that he could have provided the district court with these affidavits if the court had allowed his motion for additional time to submit evidence before it

-11-

granted summary judgment to Defendant. As described above, Plaintiff requested an additional twenty-one days to submit his materials *after* the deadline set by the district court had already passed. We typically defer to the trial court's discretion to govern filing deadlines on its own docket and "will not meddle unless we are persuaded that some exceptional justification exists." Graphic Commc'ns Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc., 270 F.3d 1, 7 (1st Cir. 2001). Further, the district court determined that even if it accepted the affidavits, the information contained therein was previously available to Plaintiff and thus did not present the court with "new evidence." While Rule 59(e) contemplates reconsideration based on newly discovered evidence, a district court may conclude in its discretion that the moving party's supposedly new evidence could have been presented prior to summary judgment. Alicea v. Machete Music, 744 F.3d 773, 781 (1st Cir. 2014). After review of the affidavits, we agree that the affidavits are not new evidence sufficient to warrant Rule 59(e) relief and conclude that the district court did not abuse its discretion in denying Plaintiff's motion for reconsideration.[3]

---

[3] Even if we had jurisdiction to review the district court's underlying summary judgment decision under the more lenient de novo standard of review, we would affirm. The parties' mortgage agreement permits CitiMortgage to accept partial payment without waiving its contractual rights to accelerate the debt and to foreclose on the property. CitiMortgage sent two default notices (and later, an acceleration notice) to Plaintiff's residence.

## III.  Conclusion

For the foregoing reasons, we <u>affirm</u> the district court's denial of Plaintiff's motion for reconsideration.

---

While Plaintiff contends that he and his wife never received these notices, CitiMortgage put forth evidence that they were mailed. <u>See</u> 2007 Mass. Acts ch. 206, § 11 (written notice of mortgagor's default "shall be deemed to be delivered to the mortgagor . . . when mailed to the mortgagor at the mortgagor's address"). Therefore, the district court properly granted summary judgment on Plaintiff's breach of contract claim.  Turning to his unjust enrichment claim, even under de novo review, CitiMortgage's acceptance of partial monthly payments when it was owed a higher monthly amount hardly qualifies as inequitable, and as discussed supra, the court properly declined to reach this equitable claim since Plaintiff's contract-based claim afforded him an adequate remedy at under Massachusetts law.  As for the third count of Plaintiff's complaint, he abandoned his breach of the duty of good faith and fair dealing claim on appeal.