UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Noah Wells d/b/a
Centerpoint Chimney

     v.                            Civil No. 17-cv-669-JD
                                      Opinion No. 2018 DNH 027

Acceptance Indemnity
Insurance Company

## O R D E R

Acceptance Indemnity Insurance Company moves for reconsideration of the court's order denying its motion to dismiss. In support, AIIC argues that the court erroneously failed to dismiss Noah Wells's claims based on two policy exclusions. Wells objects.[1]

## Standard of Review

Reconsideration of a prior order is appropriate only "'if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust.'" United States v. Zimny,

---

[1] AIIC moved for leave to file a reply. Under Local Rule 7.1(e)(1), AIIC was required to file its reply within seven days of service of the objection. The court has reviewed the proposed reply, which does not change the outcome, and denies the motion for leave to file a reply.

846 F.3d 458, 467 (1st Cir. 2017) (quoting United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009)).  For that reason, "[a] motion for reconsideration is not the venue to undo procedural snafus or permit a party to advance arguments it should have developed [before the court issued its order]."  Biltcliffe v. CitiMorgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014).  It is also not "a mechanism to regurgitate old arguments previously considered and rejected."  Id. (internal quotation marks omitted).

## Discussion

In his complaint, Wells seeks a declaration that AIIC, the company that provided indemnity insurance for his business, owes him a defense and indemnification in an underlying suit brought by an agent of a subcontractor, and brings a claim that AIIC breached the policy by denying coverage.  AIIC moved to dismiss the claims based on two exclusions in the policy that purport to exclude coverage for injury to independent contractors.  Wells objected, arguing that the policy is at least ambiguous, based on the declarations page and an endorsement that imposed a special condition for coverage of independent contractors.

As explained previously, "[t]he language of a contract is ambiguous if the parties to the contract could reasonably disagree as to the meaning of that language."  Found. for

2

[Seacoast Health v. Hosp. Corp. of Am.](), 165 N.H. 168, 172 (2013) (internal quotation marks omitted). To determine whether an ambiguity exists, the "court should examine the contract as a whole, the circumstances surrounding execution and the object intended by the agreement, while keeping in mind the goal of giving effect to the intentions of the party." Id. The process of determining whether an ambiguity exists "necessarily involves factual findings." [Sunapee Difference, LLC v. State](), 164 N.H. 778, 790 (2013).

The court found that the cited provisions appeared to be at odds with each other and that additional explanation was needed to understand the operation of the policy as a whole. Because of the limited context of a motion to dismiss, there was insufficient information to determine what the policy covered or whether it was ambiguous. AIIC contends that conclusion was erroneous because interpretation of the policy is a legal question and attempts to provide the additional explanation that was lacking in the motion to dismiss.

In support, counsel for AIIC represents that the "Declarations" part of the policy merely provides "rating information" and cites a District of Rhode Island case to show that "rating information" may be limited by exclusions in the

policy.  Counsel then continues on to explain that the Declarations do not grant coverage.  Counsel also addresses the purpose of the Independent Contractors Special Condition and represents that it "compliments, rather than conflicts with, the exclusionary provisions."

As such, counsel for AIIC raises factual issues about the meaning of the policy and the intent of the parties.  Counsel for AIIC attempts to augment the motion to dismiss by providing explanation and information that was missing in the motion to dismiss.  It is far from clear that counsel is qualified to provide opinions on the structure and operation of an insurance policy or on the intent of the parties.  In any event, such information is not appropriate for purposes of a motion to dismiss or a motion for reconsideration of the denial of a motion to dismiss.[2]  Instead, these matters may be presented in an appropriate format to be considered in the context of a motion for summary judgment.

---

[2] It is therefore not necessary or appropriate to hold a hearing to allow counsel to provide these opinions and theories through oral argument, as AIIC has requested.  See LR 7.1(d).

4

Conclusion

For the foregoing reasons, the defendant's motion for reconsideration (document no. 20) and motion for leave to file a reply (document no. 22) are denied.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

February 8, 2018

cc:   Melissa Brill, Esq.
      Laura Dowgin, Esq.
      J. Bruce Maffeo, Esq.
      Peter J. Nicosia, Esq.