# United States Court of Appeals
## For the First Circuit

No. 20-1841

DISASTER SOLUTIONS, LLC,

Plaintiff, Appellant,

v.

CITY OF SANTA ISABEL, PUERTO RICO,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Raúl M. Arias-Marxuach, U.S. District Judge]

Before

Lynch and Selya, Circuit Judges,
and McCafferty,[*] District Judge.

Rafael Baella-Silva and B&B Law Firm, PSC on brief for appellant.
Johanna Emmanuelli Huertas and Pedro E. Ortiz-Alvarez, LLC on brief for appellee.

December 17, 2021

---

[*] Of the District of New Hampshire, sitting by designation.

**MCCAFFERTY**, **District Judge**.  Disaster Solutions, LLC appeals the district court's dismissal of its breach of contract lawsuit against the City of Santa Isabel, a Puerto Rico municipality.  On appeal, Disaster Solutions contends that the district court erred by granting the City's motion to dismiss based on the court's conclusion that Disaster Solutions did not allege facts from which an enforceable contract against the City could be found under Puerto Rico law and that the district court abused its discretion in denying a motion to alter or amend the judgment.  We affirm.

### BACKGROUND

I.      Services that Disaster Solutions Provided to the City after Hurricane Maria

The following facts, which we accept as true for purposes of our decision, are drawn from Disaster Solutions' amended complaint and the documents attached to it.  Disaster Solutions provides emergency services, such as damage assessments and food and water distributions, to local governments after natural disasters.  This case arises from services that Disaster Solutions provided to the City of Santa Isabel following Hurricane Maria, which hit Puerto Rico in late September 2017.  In its amended complaint, Disaster Solutions alleged that it performed these services pursuant to various documents: a "Purchase Order," three "Resource Request Forms," and a "Letter of Authorization."  It

alleged that these documents, together, are an enforceable contract and that the City breached this contract when it failed to pay invoices from Disaster Solutions.

Specifically, in late September 2017 soon after Hurricane Maria hit, the City sent Disaster Solutions a "Purchase Order." The Purchase Order listed assorted job titles (e.g., "Task Force Leaders" and "Finance Section Chief") and their associated hourly labor rates. The total amount to be paid is listed as "$TBD."

Next, during the first week of October, the City issued "Resource Request Forms" to Disaster Solutions, which provided additional, but still limited, details about the services that Disaster Solutions would provide. Finally, the City sent a "Letter of Authorization," which provided a summarized list of duties to be undertaken by Disaster Solutions, but contained no information about how much Disaster Solutions would be paid for providing these services.

Between October 2 and October 12, Disaster Solutions performed services for the City. On October 12, however, the City directed Disaster Solutions to stop operating in the City. Disaster Solutions complied and stopped all operations.

On October 22, 2017, Disaster Solutions invoiced the City. The City did not make any payment on the invoice, so Disaster Solutions sent a second invoice in November 2017. Disaster

Solutions began charging the City past-due interest in January 2018.  The City has not paid Disaster Solutions.  In its amended complaint, Disaster Solutions alleged that the total amount owed by the City at the time was $368,879.89.

II.      Disaster Solutions' Lawsuit Against the City

Disaster Solutions filed this breach of contract action in the District of Puerto Rico in November 2018.  The City moved to dismiss the action under Federal Rule of Civil Procedure 12(b)(6).  The City asserted that Disaster Solutions failed to plead facts showing that, under Puerto Rico law, it and the City had formed an enforceable contract.  Disaster Solutions filed a memorandum of law in opposition, arguing that the contract was enforceable.  It also asserted that Puerto Rico's governor could suspend Puerto Rico's requirements for contracting with municipalities during a state of emergency and referenced emergency procurement procedures implemented by Executive Order 2017-047, which was issued by Puerto Rico's governor just prior to Hurricane Maria's landfall.

While considering the City's motion, the district court directed the parties to file a copy of the emergency procurement procedures that were referenced in but not provided with Disaster Solutions' objection.  The district court also requested supplemental briefing from the parties about whether any federal

laws or regulations preempted Puerto Rico's requirements limiting how contracts can be formed with municipalities.

Both the City and Disaster Solutions filed briefs in response to the district court's direction. Disaster Solutions, however, did not present any argument about federal preemption of Puerto Rico's laws, and it stated that it did not have a copy of the emergency procurement procedures requested by the court because Disaster Solutions had not had an opportunity to conduct discovery due to the City's motion to dismiss.

After receiving that briefing, the district court granted the City's motion to dismiss and entered judgment against Disaster Solutions. It reasoned that Disaster Solutions failed to show that it met the requirements under Puerto Rico law for forming an enforceable contract with a Puerto Rico municipality such as the City. The court found that the Purchase Order, Resource Request Forms, and Letter of Authorization did not constitute a written contract, which, the district court stated, is a requirement to form an enforceable contract between a private party and a Puerto Rico municipality. The district court noted that Executive Order 2017-047 did not modify these requirements. Accordingly, the district court dismissed Disaster Solutions' suit.

About a month after the district court's decision, Disaster Solutions moved under Federal Rule of Civil Procedure

59(e) for reconsideration of the district court's judgment, offering two new arguments. First, Disaster Solutions argued that two letters from the Puerto Rico comptroller and two different executive orders issued by the Puerto Rico governor modified Puerto Rico's requirements for forming contracts with municipalities, namely, as to when those contracts must be registered with the comptroller. In support of that argument, Disaster Solutions attached to its motion the comptroller's letters and Puerto Rico Executive Orders 2017-053 and 2017-072. Second, Disaster Solutions argued that a presidential emergency declaration, the Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. § 5121 et seq., and the General Service Administration's ("GSA") Disaster Purchasing Program and the Local Preparedness Acquisition Act, see 40 U.S.C. § 502(c), preempted Puerto Rico's requirement that contracts be in written form and be submitted to the comptroller.

The district court denied Disaster Solutions' motion for reconsideration. First, the district court observed that Disaster Solutions had failed to present its argument that Puerto Rico law had been modified by Executive Orders 2017-053 and 2017-072 and the comptroller's letters in any prior pleading or filing. The district court also noted that Disaster Solutions did not argue that these documents were unavailable earlier. Thus, the district court found that the argument was not appropriately raised in

- 6 -

Disaster Solutions' motion. The district court also rejected the argument on its merits, reasoning that even considering the executive orders and the comptroller's letters, a written contract registered with the comptroller was still necessary to create an enforceable contract. The court found that Disaster Solutions' documents still failed to meet those requirements.

Second, the district court found that Disaster Solutions' argument that federal law preempted Puerto Rico's requirements for forming contracts with municipalities was likewise waived because it was not raised in response to the City's motion to dismiss or in response to the court's request that the parties brief whether any federal laws or regulations preempted Puerto Rico's requirements for forming contracts with municipalities. The district court also rejected Disaster Solutions' preemption argument on the merits, finding that the GSA guidelines identified by Disaster Solutions as preempting Puerto Rico's rules in fact expressly assert that state and local procurement regulations must be followed even when using the Disaster Purchasing Program.

## DISCUSSION

Disaster Solutions argues that the district court erred by granting the City's Rule 12(b)(6) motion to dismiss and by denying its Rule 59(e) motion for reconsideration. It contends that it had a written contract with the City, that Puerto Rico's

rules on creating enforceable contracts with municipalities are preempted by federal law, and that Puerto Rico Executive Order 2017-053 extended the time to comply with Puerto Rico's rules on creating enforceable contracts with municipalities after Hurricane Maria.

I.        Subject Matter Jurisdiction

As an initial matter, we briefly address the district court's jurisdiction to hear this case by virtue of the parties' diversity of citizenship, 28 U.S.C. § 1332(a).[1] Prior to issuing this opinion, we directed counsel for Disaster Solutions to file an affidavit of jurisdictional facts about the citizenships of Disaster Solutions' members, which were not pleaded in its amended complaint. See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 125-26 (1st Cir. 2011) (per curiam) (observing that, for purposes of diversity jurisdiction, limited liability companies are citizens of every state of which any of its members is a citizen). Disaster Solutions timely responded to the court's inquiry, and its response demonstrates that its two members are Florida citizens. Therefore, the facts submitted by Disaster Solutions are sufficient to demonstrate that complete diversity exists in this lawsuit -- both Disaster Solutions'

---

[1] This court has an obligation "to satisfy itself both of its own subject-matter jurisdiction and of the subject-matter jurisdiction of the trial court . . . ." Royal Siam Corp. v. Chertoff, 484 F.3d 139, 142 (1st Cir. 2007).

- 8 -

members are citizens of Florida and the City is a Puerto Rico municipality. Accordingly, we turn to the substance of Disaster Solutions' appeal.

II.    District Court's Orders Granting Motion to Dismiss &
       Denying Motion for Reconsideration

We review the grant of a motion to dismiss de novo. Harry v. Countrywide Home Loans, Inc., 902 F.3d 16, 18 (1st Cir. 2018). In doing so, "we accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences therefrom in the pleader's favor." Alston v. Spiegel, 988 F.3d 564, 571 (1st Cir. 2021) (quoting Santiago v. Puerto Rico, 655 F.3d 61, 72 (1st Cir. 2011)). We review for abuse of discretion the denial of a motion to alter or amend judgment -- i.e., for reconsideration -- under Rule 59(e). Negrón-Almeda v. Santiago, 528 F.3d 15, 25 (1st Cir. 2008). In short, the district court (A) did not err in finding that Disaster Solutions failed to plead facts sufficient to demonstrate the existence of an enforceable contract against the City, and (B) did not abuse its discretion by declining to revisit its decision in light of Disaster Solutions' Rule 59(e) motion.

A.    Motion to Dismiss: Existence of Written Contract

Under Puerto Rico law,[2] to establish that an enforceable contract exists, a plaintiff must show (1) that the contracting parties consented to enter the contract; (2) "[a] definite object which may be the subject of the contract"; and (3) "[t]he cause for the obligation which may be established." See P.R. Laws Ann. tit. 31, § 3391.

Contracts between private parties and Puerto Rico municipalities, however, are not enforceable unless additional requirements are met.  See Las Marías Reference Lab'y Corp. v. Mun. of San Juan, 159 P.R. Dec. 868, 2003 PR Sup. LEXIS 133, at *6 (2003).   As relevant here, a contract between a Puerto Rico municipality and a private party must be in writing and must be sent to Puerto Rico's comptroller within 15 days of the contract's execution.  See P.R. Laws Ann. tit. 2, § 97; P.R. Laws Ann. tit. 21, § 4354 ("No disbursement whatsoever shall be authorized with

_____

[2] Both parties present their arguments on the assumption that Puerto Rico law on contract formation in general applies to this case.   We likewise assume that Puerto Rico's law on contract formation, in general, applies in this case.   See New Ponce Shopping Ctr., S.E. v. Integrand Assurance Co., 86 F.3d 265, 267 (1st Cir. 1996) ("Generally, where the parties ignore choice of law issues on appeal, we indulge their assumption that a particular jurisdiction's law applies.").

Additionally, Puerto Rico enacted a new Civil Code that became effective November 28, 2020.   Because the alleged contract was formed prior to the effective date of the new Civil Code, we apply, as the parties have, Puerto Rico law as it was under the 1930 Civil Code.

- 10 -

regard to contracts without the evidence that the contract was sent to the Office of the Comptroller of Puerto Rico as provided in 97 et seq. of Title 2 and its regulations."); Ocasio Carrasquillo v. Rosa Berríos, 21 P.R. Offic. Trans. 29, 47 (1988). "[M]unicipal contracts that are not sent to the [Puerto Rico comptroller] are not enforceable because these are not deemed legally perfected." Las Marías, 2003 PR Sup. LEXIS 133, at *8. These rules are "rigorously applied," and "it is presumed that the parties that contract with a municipality know that they need to conduct themselves in keeping with these specifications." Id. There are no exceptions, and equitable remedies are inapplicable. See id. at *8, *14.

The district court correctly found that the documents Disaster Solutions filed do not constitute a written contract. As the district court explained in its order dismissing Disaster Solutions' suit, the documents do not establish a complete contract reducing agreed-upon terms between the City and Disaster Solutions into writing. See P.R. Laws Ann. tit. 31, § 3391. In particular, Disaster Solutions asserts that the documents, read together, contain all the terms necessary to form a valid written contract, but it did not plead facts showing an agreement between it and the City to treat the documents in that manner. For example, the Letter of Authorization, which was signed by the City's mayor but by no one representing Disaster Solutions, does not indicate that

the incomplete terms from the Purchase Order and Resource Request Forms were accepted by the City and supplemented by the Letter of Authorization. Likewise, neither the Purchase Order nor the Resource Request Forms reference the Letter of Authorization.

B.    Motion for Reconsideration: Federal Preemption & Modification of Rules by Puerto Rico Executive Order

To evade the fact that it had no written contract with the City, Disaster Solutions argues that the declaration of a natural disaster under the Stafford Act and the consequently-invoked Disaster Purchasing Program preempt Puerto Rico's contract law. Similarly, it contends that Executive Order 2017-053, issued by the governor of Puerto Rico, and an associated letter from the comptroller modified Puerto Rico's rules on contracting with municipalities. Disaster Solutions, however, concedes that it invoked these arguments for the first time in a post-judgment motion for reconsideration under Rule 59(e).

A motion for reconsideration under Rule 59(e) should be granted only if the district court's decision "evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014). However, such a motion is not a place "for a party to undo its own procedural failures" and a party should not be allowed to "advance arguments that could and should have been presented to the district court prior to judgment."

Iverson v. City of Bos., 452 F.3d 94, 104 (1st Cir. 2006) (quoting Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997)). Accordingly, arguments that could have been but were not presented to the district court prior to judgment are not preserved for appeal. Id. at 104.

As noted, Disaster Solutions does not dispute that it failed to raise its preemption argument before the district court prior to its motion to alter or amend judgment. Moreover, the district court directed the parties to submit arguments about whether federal law and regulations preempt Puerto Rico's laws on contracts with municipalities. Even with that additional opportunity, Disaster Solutions failed to present its preemption argument prior to its post-judgment motion under Rule 59(e). Disaster Solutions, therefore, waived the preemption argument it presents to this court on appeal. See Biltcliffe, 772 F.3d at 930; Iverson, 452 F.3d at 104.

Disaster Solutions also argues that Executive Order 2017-053 and the associated comptroller's letter operate to extend the time to comply with the requirement that contracts be submitted to the comptroller. This argument too was first presented in the post-judgment Rule 59(e) motion.[3] Disaster Solutions attached to

---

[3] Disaster Solutions referenced Executive Order 2017-053 in passing in its response to the district court's request for supplemental briefing, but Disaster Solutions did not develop the argument as presented in its motion for reconsideration, did not

- 13 -

its Rule 59(e) motion the executive order and letter that ostensibly support this argument, but Disaster Solutions does not explain why it could not have submitted these public documents earlier. Disaster Solutions had two opportunities to do so: in its objection to the City's motion to dismiss and in its response to the district court's directive that the parties supplement their briefing with the emergency procurement procedures. Thus, as with its preemption argument, Disaster Solutions waived this argument by failing to present it prior to its motion for reconsideration. See Biltcliffe, 772 F.3d at 930; Iverson, 452 F.3d at 104.

Finally, Disaster Solutions contends that we should overlook its waivers because neither the district court nor this court may ignore clear errors. In exceptional circumstances, a party's failure to timely offer a meritorious argument in a civil suit can be excused if the district court's error was plain -- that is, the error was "clear or obvious," the error affected the appellant's "substantial rights," and the error "seriously impaired the fairness, integrity, or public reputation of judicial proceedings." Fothergill v. United States, 566 F.3d 248, 251-52

---

attach a translated copy of Executive Order 2017-053, and did not reference the comptroller's letters. In any event, Disaster Solutions acknowledged in its response to the supplemental briefing request that Executive Order 2017-053 required contracts to be in writing notwithstanding any other putative modification to Puerto Rico's requirements for forming contracts.

- 14 -

(1st Cir. 2009); see also Acevedo-Garcia v. Monroig, 351 F.3d 547, 570 (1st Cir. 2003).[4]  Disaster Solutions, however, does not show that the district court clearly or obviously erred in granting the City's motion to dismiss.  See Town of Norwood v. New Eng. Power Co., 202 F.3d 408, 417 (1st Cir. 2000) ("[I]t is normally not error at all, let alone plain error, for a court to ignore a possible claim or defense that a party fails to proffer and pursue."); cf. Amcel Corp. v. Int'l Exec. Sales, Inc., 170 F.3d 32, 35 (1st Cir. 1999) (indicating that the plain error doctrine should generally not be applied when the party with the burden of proof fails to pursue a pertinent argument that would advance their cause).  And, the district court's denial of Disaster Solutions' Rule 59(e) motion on waiver grounds was, as discussed above, consistent with First Circuit caselaw and thus well within the district court's discretion.  See Biltcliffe, 772 F.3d at 930; Iverson, 452 F.3d at 104.

## CONCLUSION

For the foregoing reasons, we affirm the district court's dismissal of Disaster Solutions' suit under Rule 12(b)(6) and its denial of Disaster Solutions' post-judgment motion for reconsideration under Rule 59(e).

---

[4] Disaster Solutions incorrectly points to Federal Rule of Civil Procedure 54 as the source of the plain error doctrine.

- 15 -