# United States Court of Appeals
## For the First Circuit

No. 24-2131

VERNALIZ MEREDITH PEREZ; JUAN FERNANDO CRUZ TOLEDO;
YADHIRA APONTE COLON; GABRIELA MARY RIVERA REYES;
NORMA ANGELICA MUÑOZ TORRES; BRENDA MILAGROS
FELICIANO SOLERO; FRANCISCO JAVIER ALVARADO LAGUNA;
MURIEL CONSTANZA CHABERT-LÓPEZ; ÁNGEL MANUEL RIVERA
AVILÉS; NADJA MARIE GONZÁLEZ ELIAS; MARÍA MILAGROS
GARCÍA SIERRA; GRACIELA PADRO POZZI; LUIS APONTE
ORTEGA, FRANCISCO JAVIER CORREA LEBRÓN; MARÍA V.
SANTOS GONZÁLEZ; ILIALI RIVERA LUGO; NORMAN JESÚS
KRAUS LÓPEZ; CARMEN CRUZ; CARMEN NANETTE BELTRÁN-DONES;
VERÓNICA ORTEGA-ALVAREZ; KEILA MONTENEGRO-HUERTAS;
LYMARI TORRES VECHINI; NITZA B. PEREZ-ORTIZ;
IRVING RODRIGUEZ; HÉCTOR RAFAEL VÁZQUEZ; MYRIAM
YADHIRA MOLANO; ALBERTO VIGO; JOSE IGNACIO RODRIGUEZ
NIEVES; JOSE J. ROLDAN ZENO; MELANIE VIGNAU; JOSE
VILLAFANE-SANTIAGO; MARGARITA PRATTS QUINONES;
JENNIFER S. VASANDANI RIVERA; MYRNA FUENTES TIRADO;
JAIME PALMER; XAVIER FELICIANO CARRASQUILLO; STEVEN
SANTANA RAMÍREZ; ANGELA ALICEA SÁNCHEZ RIVERA; IVETTE
MARTINEZ; JORGE ARTAUD; CRISTINA MILÁN CRUZ; YUDERCA
PACHECO,

Plaintiffs, Appellants,

FRANCHESKA BELLEROSE RODRÍGUEZ; JESSICA MUÑOZ
OCASIO; BELKYS RODRÍGUEZ MONTAÑEZ; ASHLEY ORTIZ
CHICO; VIVIANA TORRES-VIERA; WILSON SANTANA-SANTIAGO;
JOSE ANTONIO VÁZQUEZ; TAMMY HERNÁNDEZ; JOSE JAVIER
MARTIR; AYNETTE CARRION PABON; JOHN DOE; JANE DOE,

Plaintiffs,

v.

THE FEDERAL EMERGENCY MANAGEMENT AGENCY (FEMA); THE
FACILITATORS: CAMP IRONHORSE INC.; INSURANCE CARRIER X,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Gina R. Méndez-Miró, U.S. District Judge]

Before

Barron, Chief Judge,
Breyer,[*] Associate Justice,
and Thompson, Circuit Judge.

Héctor Pérez Rivera, with whom Vicente Santori Margarida was on brief, for appellants.

David O. Martoni-Dale, with whom W. Stephen Muldrow, United States Attorney, and Juan Carlos Reyes-Ramos, Assistant United States Attorney, were on brief, for appellees.

April 22, 2026

---

[*] Hon. Stephen G. Breyer, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

**BREYER, Associate Justice**.  The appellants in this case worked for a nonprofit organization called "The Facilitators: Iron Horse, Inc."  When Puerto Rico suffered a major hurricane disaster, that organization (which we shall call "TFCI") received money from FEMA, the Federal Emergency Management Agency.  When that funding ran out, TFCI asked for more, but FEMA denied its request.  The appellants, who had been working without pay for several weeks, then sued FEMA in federal district court, seeking wages they claimed were due to them as FEMA employees under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.  The district court entered summary judgment in favor of FEMA on the ground that the appellants were not employees of the agency.  The appellants now challenge that determination.  In our view, however, the district court's determination is lawful, and we affirm its judgment.

**I.**

FEMA is a subagency of the federal Department of Homeland Security charged with the administration and coordination of the federal government's response to presidentially declared disasters.  See 42 U.S.C. § 5170.  It carries out this responsibility in part through its Disaster Case Management Program, an initiative that provides federal funding for nonprofit organizations that deliver post-disaster services.  See 6 U.S.C. § 314(a)(8).  In 2017, Hurricane Maria hit Puerto Rico, and

- 3 -

President Trump declared a major disaster. Several months later, FEMA invited qualified nonprofit entities to apply for Disaster Case Management funds. It granted some of those funds to TFCI (an Oklahoma organization), and TFCI hired the appellants as its employees.

In May 2019, TFCI asked for additional Disaster Case Management funds from FEMA. FEMA denied the request in July of that year. As a result, the appellants worked without full pay from May 2019 until August 2019, when TFCI ultimately terminated their employment.

The appellants then brought this lawsuit, basically for backpay, against FEMA and TFCI. FEMA removed the case to federal court and, once there, the appellants amended their complaint to clarify that their claims arose under the federal Fair Labor Standards Act (also known as the "FLSA") and provisions of Commonwealth law. After FEMA answered, the appellants amended their complaint for a second time to add eleven additional TFCI employees as plaintiffs. The appellants and FEMA then went through discovery, and each side moved for summary judgment. The district court granted FEMA's summary judgment motion (and entered summary judgment for TFCI), denied the appellants' summary judgment motion with respect to their FLSA claims, and declined to exercise supplemental jurisdiction over the appellants' Commonwealth-law claims.

The appellants now challenge the court's grant of FEMA's summary judgment motion. Because the appellants have not meaningfully contested the grant of summary judgment for TFCI, we do not consider that matter in this appeal. See Brox v. Woods Hole, Martha's Vineyard & Nantucket S.S. Auth., 83 F.4th 87, 102 (1st Cir. 2023) (concluding that a claim was "waived" on appeal "for lack of development" where the appellants had failed to "meaningfully challenge" an aspect of the district court's ruling).

**II.**

FLSA liability attaches only to an employer. See Baystate Alt. Staffing, Inc. v. Herman, 163 F.3d 668, 675 (1st Cir. 1998). The statute says that an "employer" is "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). And this court has said that "to determine whether an employment relationship exists," we must look to "the 'economic reality' of the totality of the circumstances bearing on whether the putative employee is economically dependent on the alleged employer." Baystate, 163 F.3d at 675. In doing so, we must consider "whether the alleged employer (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of

payment; and (4) maintained employment records." Id. The first two of these considerations are concerned with "a putative employer's control over the nature and structure of the working relationship"; the second two focus on "the economic aspects of the working relationship." Id. at 675-76.

In granting FEMA's motion for summary judgment on this issue, the district court found FEMA's statement of the relevant facts to be uncontroverted and adequately supported by the record. Because the appellants do not disagree with that finding, we accept FEMA's uncontroverted statement of facts. See Aguiar-Carrasquillo v. Agosto-Alicea, 445 F.3d 19, 25 (1st Cir. 2006). Applying this circuit's law to the uncontroverted facts, we find that the district court's grant of summary judgment was lawful. See Taite v. Bridgewater State Univ., 999 F.3d 86, 92-93 (1st Cir. 2021) (explaining that we review summary judgment orders de novo and that summary judgment is appropriate where there is "no genuine dispute as to any material fact" and the moving party is "entitled to judgment as a matter of law" (quoting Fed. R. Civ. P. 56(a))).

The uncontroverted facts show that it was TFCI and not FEMA that possessed the authority to hire and to fire the appellants. Moreover, it was TFCI and not FEMA that controlled the appellants' work schedules and conditions of employment. TFCI did so through the provision of training, work assignments, identification cards, and computers. Further, it was TFCI and not

FEMA that determined how the appellants were paid and that maintained their records of employment.

Resisting these uncontroverted facts, the appellants make four arguments against the district court's summary judgment order. First, they argue that further facts paint a different picture. They say that FEMA determined the appellants' "training requirements," "maximum average pay rates," "work schedules," and "dress attire." But beyond a single email from a FEMA employee discussing work attire for the Disaster Case Management staff, the appellants identify no record support for these claims. That single email does not outweigh the district court's contrary findings based on FEMA's uncontroverted statement of facts. See Besosa-Noceda v. Torres, 164 F.4th 19, 25 n.2 (1st Cir. 2026) (declining to reach an appellant's argument that "the district court relied on erroneous facts in granting summary judgment" where the appellant "ha[d] not identified record citations for several of the claimed discrepancies").

Second, they say we should infer that FEMA had sufficient control of their employment because they performed their duties in a FEMA-run facility subject to a cooperation agreement between FEMA and TFCI. They add that TFCI relied upon federal Disaster Case Management funds to pay their salaries. These facts, however, are not sufficient, for they exist within an undisputedly broader setting in which TFCI (via the Disaster Case Management Program)

was simply a FEMA grant recipient, not a joint partner, in the enterprise that employed the appellants. Based on that arrangement, FEMA did not exercise the "considerable control over the nature and structure of the relationship with the temporary workers" that, elsewhere, has been part-and-parcel of a successful FLSA claim. Baystate, 163 F.3d at 676 ("It is the totality of the circumstances, and not any one factor, which determines whether a worker is the employee of a particular alleged employer.") So, in this context, the district court properly found that FEMA did not control the nature and structure of the appellants' work.

Third, the appellants claim that the district court should have reconsidered its grant of summary judgment in light of new evidence. That evidence consists of an affidavit from TFCI's former finance manager, Ms. Sarah Gordon, who attempted to appear on behalf of TFCI in the district court on numerous occasions. But as the district court observed, the appellants have not explained why the purportedly "new" evidence from Ms. Gordon was unavailable to them before the district court granted FEMA's summary judgment motion. And a district court "may conclude in its discretion that . . . supposedly new evidence could have been presented prior to summary judgment" and thus reject a motion for reconsideration on that basis. Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 931 (1st Cir. 2014). As a result, we can find no abuse of discretion here.

Fourth, the appellants mistakenly suggest that the district court should have entered a certificate of default (instead of summary judgment) because FEMA did not answer their second amended complaint. But the entry of default is appropriate only when a defendant "has failed to plead or otherwise defend" itself. Fed. R. Civ. P. 55(a). And FEMA was actively defending itself below, participating in discovery and moving for summary judgment. The fact that FEMA did not answer the second amended complaint -- which raised the exact same claims and allegations as the first amended complaint it had already answered -- is not here a basis for default.

*    *    *

For these reasons, we repeat, we find no legal error in the district court's summary judgment order in favor of FEMA, and we affirm its decision.