**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 19, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

HARRY WILSON,

    Plaintiff - Appellant,

v.

IC BUS OF OKLAHOMA, LLC,
f/k/a Tulsa Bus Plant,

    Defendant - Appellee.

No. 21-5049
(D.C. No. 4:19-CV-00545-CVE-JFJ)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BACHARACH**, **BRISCOE**, and **ROSSMAN**, Circuit Judges.

---

This appeal grew out of an employment dispute between Mr. Harry Wilson and IC Bus of Oklahoma, LLC. Mr. Wilson obtained a position as Group Leader, but complains that he had to undergo two rounds of tests. A short time later, IC Bus fired Mr. Wilson for violating its rules on sexual harassment and failing to report other employees' violations.

---

[*]    Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Mr. Wilson sued IC Bus and tried to add his union as a defendant. The district court disallowed addition of the union as a defendant and granted summary judgment to IC Bus. Mr. Wilson appeals both rulings, and we affirm.

## I.    The district court did not err in rejecting Mr. Wilson's efforts to add the union as a defendant.

Mr. Wilson moved four times to add Union Local 1050 as a defendant. The district court denied some of the motions and struck others. We review these rulings for an abuse of discretion. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (denial of motion to add a party); *Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020) (decision to strike a pleading).

In denying the first motion, the court explained that it could not discern any specific relief being requested. The court denied the second motion, reasoning that (1) Mr. Wilson couldn't recover against the union based on Title VII or the Age Discrimination in Employment Act because his EEOC charge hadn't identified the union as his employer and (2) the court couldn't discern any other claims against the union. On appeal, Mr. Wilson does not identify any errors in the court's reasoning. And we see none.

Upon denial of these two motions, Mr. Wilson filed two more. These motions were apparently prepared by his uncle, who was not an attorney.

2

The court struck the two motions, reasoning that a layperson could not file documents on behalf of Mr. Wilson. Mr. Wilson again fails to identify any errors in the court's reasoning, and we see none.

## II.    The district court did not err in dismissing the age-discrimination claim based on the need to undergo two rounds of tests.

The district court not only denied these motions but also rejected his age-discrimination claim. The age-discrimination claim was based on IC Bus's decisions to require Mr. Wilson to undergo two tests for consideration as a group leader. But in his EEOC charge, he didn't complain of the need to take two tests. This omission resulted in a failure to exhaust the claim, so the district court properly dismissed this claim for failure to exhaust administrative remedies. *See Sanderson v. Wyo. Highway Patrol*, 976 F.3d 1164, 1170 (10th Cir. 2020).[1]

## III.    The district court did not err in granting summary judgment to IC Bus on the wrongful-termination claim based on age discrimination.

The district court also granted summary judgment to IC Bus on the claim for wrongful termination based on age discrimination. We conduct de novo review of the grant of summary judgment, viewing the evidence in the light most favorable to Mr. Wilson and drawing all reasonable inferences in his favor. *See Herrmann v. Salt Lake City Corp.*, 21 F.4th

---

[1]    The court also concluded that requiring Mr. Wilson to take two tests would not have constituted an adverse employment action.

666, 673 (10th Cir. 2021). IC Bus gave a legitimate, nondiscriminatory reason: that Mr. Wilson had committed offensive conduct and failed to report violations by other employees. Mr. Wilson thus bore the burden of showing pretext. *Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1113 (10th Cir. 2007). The court concluded that Mr. Wilson had failed to show pretext. He presents seven challenges to this conclusion.

First, he argues that the district court misconstrued what a female coworker had said, pointing out that she hadn't filed a sexual harassment complaint. The coworker said that she had overheard Mr. Wilson say to someone else that he would "put a baby in her." Mr. Wilson asserts that IC Bus mistakenly said that he'd made the statement to the coworker. But even if IC Bus had made a mistake, it would not have shown pretext. *See DePaula v. Easter Seals El Mirador*, 859 F.3d 957, 971 (10th Cir. 2017) (stating that the issue is whether the employer honestly believed the reasons that it gave rather than the correctness of those reasons).

Second, Mr. Wilson argues that he had not made any mistakes. But IC Bus did not fire him for making mistakes. So this argument would not cast doubt on IC Bus's explanation for the filing.

Third, Mr. Wilson says that IC Bus failed to conduct an adequate investigation, referring to "highly suspicious circumstances." Appellant's Opening Br. at 4. But he failed to adequately develop this argument. *See*

*Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (stating that issues inadequately presented in the opening brief are waived).

Fourth, he contends that the investigation grew out of a coworker's conduct, not his. But IC Bus showed that when it investigates, it considers any improprieties uncovered in the course of the investigation.

Fifth, Mr. Wilson says that IC Bus relied on hearsay. But the hearsay rules do not apply to an employer's investigation. *See, e.g.*, *Piscottano v. Murphy*, 511 F.3d 247, 271 (2d Cir. 2007) (stating that an employer's "objectively reasonable inquiry into the facts . . . need not be constrained by the rules of evidence, such as the rule against hearsay, [which is] applicable in judicial proceedings").

Sixth, Mr. Wilson points out that (1) the EEOC issued a right-to-sue letter and (2) he obtained unemployment benefits. But these administrative determinations did not bind the court when ruling on the summary-judgment motion.

Seventh, Mr. Wilson characterizes the award of summary judgment as a violation of his Seventh Amendment right to a jury trial. But when no triable fact-issue exists, the award of summary judgment does not violate the Seventh Amendment. *Shannon v. Graves*, 257 F.3d 1164, 1167 (10th Cir. 2001).

Having rejected Mr. Wilson's seven challenges to the ruling on his claim of wrongful termination, we conclude that the district court did not err in granting summary judgment to IC Bus.

Affirmed.

Entered for the Court

Robert E. Bacharach
Circuit Judge