*Medunjanin v. United States*

𝕴𝖓 𝖙𝖍𝖊
**𝕬𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘**
𝕱𝖔𝖗 𝖙𝖍𝖊 𝕾𝖊𝖈𝖔𝖓𝖉 𝕮𝖎𝖗𝖈𝖚𝖎𝖙

_____

August Term 2023
Submitted: October 3, 2023
Decided: April 24, 2024

Docket No. 21-1438

ADIS MEDUNJANIN, AKA MOHAMMED,

*Petitioner-Appellant,*

v.

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

_____

Before:          JACOBS, WESLEY, and ROBINSON, *Circuit Judges.*

_____

Adis Medunjanin, appearing *pro se*, challenges an order of the United States

District Court for the Eastern District of New York (Cogan, *J.*) denying in part his

motion pursuant to 28 U.S.C. § 2255 to vacate one of his convictions under 18

U.S.C. § 924(c).  We granted a certificate of appealability to address whether the

trial court's instruction that the jury could find Medunjanin guilty of aiding and

abetting a crime of violence affected the crime's validity as a § 924(c) predicate. We conclude it does not and therefore **AFFIRM**.

————————————

FOR PETITIONER-APPELLANT:     Adis Medunjanin, Pro Se, Terre Haute, IN.

FOR RESPONDENT-APPELLEE:     Douglas M. Pravda, (Susan Corkery, *on the brief*) Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY

————————————

PER CURIAM:

## BACKGROUND

In 2010, Petitioner-Appellant Adis Medunjanin was arrested and charged with nine terrorism-related counts stemming from a plot to conduct coordinated suicide bombings in the New York City subway system. As relevant here, the indictment charged Medunjanin with one count of attempting to commit an act of terrorism transcending national boundaries, in violation of 18 U.S.C. §§ 2 and 2332b, and two counts of possessing a destructive device in furtherance of crimes of violence, in violation of 18 U.S.C. § 924(c). One of the § 924(c) counts was predicated on, among other offenses, the attempted terrorism count.

2

Medunjanin proceeded to trial in 2012. Because several counts charged him as both a principal and as an aider and abettor, the District Court (Gleeson, *J.*) began its jury charge with an instruction on aiding and abetting liability generally. The court explained that to convict a defendant as an aider and abettor, the Government needed to prove beyond a reasonable doubt that another person committed the crime at issue; that the defendant knowingly and intentionally associated himself in some way with the crime; and that the defendant participated in the crime by engaging in some affirmative conduct or overt act for the specific purpose of bringing about the crime.

The District Court later explained the elements of attempted terrorism and noted that the jury could convict Medunjanin on this count based on an aiding and abetting theory. Specifically, the District Court explained that if the jury found the Government had proven "beyond a reasonable doubt that someone else attempted to commit an act of terrorism transcending national boundaries and applying the instructions" the District Court previously gave regarding aiding and abetting liability, the jury could "find [Medunjanin] guilty provided" the Government established the requisite elements beyond a reasonable doubt. Trial Tr. 2046–47.

The jury returned a general verdict sheet, devoid of any indication of any theory of liability, convicting Medunjanin of all nine counts. Medunjanin was sentenced to what amounted to a life sentence;[1] we affirmed his conviction on appeal. *See United States v. Medunjanin*, 752 F.3d 576, 579 (2d Cir. 2014).

In 2019, Medunjanin moved to vacate several of his convictions pursuant to 28 U.S.C. § 2255. He argued, as relevant here, that his § 924(c) convictions required vacatur because they were premised on invalid crime of violence predicates in light of *Sessions v. Dimaya*, 584 U.S. 148 (2018), and its progeny. The Government conceded that one of the § 924(c) convictions required vacatur because its predicates—conspiracy to commit murder abroad in violation of 18 U.S.C. § 956(a)(1) and receiving military-style training from a foreign terrorist organization in violation of 18 U.S.C. § 2339D—were not "crime of violence" predicates. It maintained, however, that the other § 924(c) conviction should be upheld because one of its predicates, attempted terrorism, remained a crime of violence.

---

[1] Medunjanin was sentenced, principally, to 65 years' total imprisonment for the non-§ 924(c) counts, plus consecutive terms of 30 years' imprisonment for the first § 924(c) count and life imprisonment for the second § 924(c) count.

4

The District Court (Cogan, *J.*) granted in part and denied in part Medunjanin's motion. *See United States v. Medunjanin*, 10-cr-0019 (BMC), 19-cv-2371 (BMC), 20-cv-2755 (BMC), 2020 WL 5912323, at *1 (E.D.N.Y. Oct. 6, 2020). As relevant here, it agreed with the Government that Medunjanin's first § 924(c) conviction, predicated on conspiracy to commit murder abroad and receiving military-style training, should be vacated. It also agreed with the Government that the second § 924(c) conviction should be upheld because attempted terrorism was categorically a crime of violence.[2] *Id.* at *3–6. The District Court concluded that

_____

[2] To determine whether a predicate offense is a crime of violence, courts apply a "categorical approach" under which they "identify the minimum criminal conduct necessary for conviction under a particular statute by looking only to the statutory definitions—*i.e.*, the elements—of the offense" and "then evaluate whether this minimum conduct falls within the definition of a crime of violence under" § 924(c)(3)(A)'s elements clause. *United States v. Pastore*, 83 F.4th 113, 118 (2d Cir. 2023) (internal quotations omitted and alterations adopted). Where a statute is "divisible" (meaning it lists elements in the alternative and therefore defines multiple crimes), courts employ a multi-step "modified" categorical approach and review "a limited class of documents from the record of conviction," including the charging instrument, "to determine what crime, with what elements, serve[d] as the predicate crime of violence." *United States v. Morris*, 61 F.4th 311, 317–18 (2d Cir. 2023) (internal citation and quotations omitted). Courts then return to the categorical analysis and compare the elements of the isolated predicate crime with § 924(c)(3)(A)'s definition of "crime of violence" to determine if the predicate is a crime of violence. *See id.* at 318–20.

The District Court concluded that 18 U.S.C. § 2332b was divisible, looked to the relevant crimes as charged in the indictment and to the jury, and determined that each categorically constituted a crime of violence under § 924(c)(3)(A). The District Court rejected the Government's assertion that any attempt to commit a crime of violence was

5

aiding and abetting the use of a destructive device did not implicate the crime of violence analysis; it did **not** address, however, what impact, if any, the court's instructions regarding aiding and abetting liability for *attempted terrorism* had on that offense's status as a crime of violence. *Id.* at *6. The District Court denied Medunjanin's other requests for relief and entered an amended judgment, resulting in an adjusted total sentence of 95 years imprisonment. *Id.* at *7–9.

This appeal followed. The appeal was initially stayed pending the Supreme Court's disposition of *United States v. Taylor*, 596 U.S. 845 (2022). After the Supreme Court issued *Taylor*, the stay was lifted, and the parties supplemented their briefings accordingly. Medunjanin argued, among other things, that the attempted terrorism count was an invalid predicate because (1) attempted terrorism is not categorically a crime of violence and (2) the jury may have found him guilty of attempted terrorism based on aiding and abetting liability. We granted a certificate of appealability to resolve only the issue of "whether the trial court's instruction that the jury could find Appellant guilty of the attempted

---

necessarily a crime of violence itself and instead concluded that any attempts to commit each of the individual § 2332b acts **as charged** were categorically crimes of violence. *See United States v. Medunjanin*, 10-cr-0019 (BMC), 19-cv-2371 (BMC), 20-cv-2755 (BMC), 2020 WL 5912323, at *4–6 (E.D.N.Y. Oct. 6, 2020).

6

terrorism count on aiding and abetting liability affected its validity as an 18 U.S.C. § 924(c) predicate," and denied a certificate of appealability as to Medunjanin's other claims, including his objection to the District Court's conclusion that 18 U.S.C. § 2332b is a crime of violence.

## DISCUSSION

Under 28 U.S.C. § 2255(a), a prisoner may petition a district court to "vacate, set aside or correct" a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, . . . or [the sentence] is otherwise subject to collateral attack." "We review *de novo* a district court's denial of a § 2255 motion." *Kassir v. United States*, 3 F.4th 556, 561 (2d Cir. 2021). Because the certificate of appealability was limited to the issue of aiding and abetting liability, our review is limited to Medunjanin's argument that the attempted terrorism count is an invalid crime of violence predicate solely because his criminal liability may have rested on an aiding and abetting theory. *See Armienti v. United States*, 234 F.3d 820, 824 (2d Cir. 2000) ("We will not address a claim not included in the certificate of appealability.").

A bit of background on the evolving "crime of violence" jurisprudence is helpful. Section 924(c) imposes a mandatory consecutive term of imprisonment

7

when "any person" uses, as relevant here, a destructive device "during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States." 18 U.S.C. § 924(c)(1)(A)–(B). Section 924(c) defines a crime of violence in two ways: by reference to an "elements" clause and a "residual" clause. *See* § 924(c)(3)(A)–(B). An offense is a crime of violence under the elements clause if the offense "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A). An offense is a crime of violence under the residual clause if the offense is one "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3)(B).

In *Sessions v. Dimaya*, the Supreme Court struck down as unconstitutionally vague a residual clause in 18 U.S.C. § 16(b) with the virtually identical wording. 584 U.S. 148, 174–75 (2018). *Dimaya* was later extended to § 924(c) itself in *United States v. Davis*, where the Supreme Court likewise struck down § 924(c)(3)(B)'s residual clause as unconstitutionally vague. 139 S. Ct. 2319, 2336 (2019). Post-*Davis*, a § 924(c) conviction may only be premised on a crime of violence as defined under § 924(c)(3)(A)'s elements clause.

8

To determine whether an offense constitutes a crime of violence, courts employ the "categorical approach"; the appropriate inquiry is whether the relevant felony "has as an element the use, attempted use, or threatened use of physical force." *Taylor*, 596 U.S. at 850 (quoting § 924(c)(3)(A)) (emphasis omitted). "Under this approach, we do not consider the particular facts before us; rather, we identify the minimum criminal conduct necessary for conviction under a particular statute by looking only to the statutory definitions—*i.e.*, the elements of the offense." *United States v. Pastore*, 83 F.4th 113, 118 (2d Cir. 2023) (internal quotations omitted and alterations adopted); *see also supra* footnote 2.

Section 2 of Title 18 defines the scope of criminal responsibility for violations of federal criminal law; it provides in part that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." 18 U.S.C. § 2(a). "To convict a defendant of aiding and abetting a substantive crime, the government must prove that the underlying crime was committed by someone other than the defendant and that the defendant himself either acted or failed to act with the specific intent of advancing the commission of the underlying crime." *United States v. Smith*, 198 F.3d 377, 383 (2d Cir. 1999) (internal quotations omitted).

9

We previously held that a § 924(c) conviction may be predicated on aiding and abetting a crime of violence. *See United States v. McCoy ("McCoy I")*, 995 F.3d 32, 57–58 (2d Cir. 2021). In *McCoy I*, the defendants argued that their § 924(c) convictions premised on aiding and abetting attempted and completed Hobbs Act robbery should be reversed. In their view, "aiding-and-abetting a substantive Hobbs Act offense is not a crime of violence" because their involvement in the underlying offenses was limited to sitting "in nearby cars" while others "entered the targeted homes, threatened the victims, and stole or attempted to steal the victims' property." *Id*. In other words, because the defendants may not have personally used, attempted to use, or threatened the use of force, their convictions were not categorically crimes of violence.

We disagreed. Explaining that aiding and abetting merely describes a defendant's *role* in the underlying offense—rather than a distinct crime—we emphasized that the crime ultimately charged in an aiding and abetting prosecution is the relevant offense itself. *Id*. at 58 (citing, among other cases, *Smith*, 198 F.3d at 382–83). Thus, "[i]f the underlying offense is a crime of violence, it is a predicate for § 924(c) liability; if the defendant aided and abetted that underlying

offense, he is guilty of the underlying offense . . . [and was] convicted of crimes that are proper predicates for § 924(c) liability." *Id.*

The Supreme Court later held in *Taylor* that attempted Hobbs Act robbery is not categorically a crime of violence, 596 U.S. at 858–60; *McCoy I* was accordingly vacated and remanded for further proceedings in light of *Taylor*, 142 S. Ct. 2863 (Mem.). On remand, we vacated the *McCoy I* defendants' § 924(c) convictions premised on *attempted* Hobbs Act robbery but upheld their § 924(c) convictions premised on *completed* Hobbs Act robbery, which remained a crime of violence post-*Taylor*. *See United States v. McCoy ("McCoy II")*, 58 F.4th 72, 73–74 (2d Cir. 2023). *McCoy II* expressly stated, however, that the defendants' § 924(c) convictions predicated on completed Hobbs Act robbery were upheld "for the reasons stated in our earlier opinion," *id.* at 75, reasons that necessarily included *McCoy I*'s conclusion regarding aiding and abetting liability. *See Gomez v. United States*, 87 F.4th 100, 110 n.4 (2d Cir. 2023) ("In *McCoy* [*II*], we reaffirmed on remand that the completed Hobbs Act robbery—tried on an aiding-and-abetting theory—remained a valid § 924(c) predicate.").

11

We now again hold that the fact that a defendant may have been convicted of an otherwise valid crime of violence based on an aiding and abetting theory of liability has no effect on the crime's validity as a § 924(c) predicate.

It is well-settled that we remain bound by a prior decision of this Court "until it is overruled either by this Court sitting *en banc* or by the Supreme Court," *In re Guo*, 965 F.3d 96, 105 (2d Cir. 2020) (quoting *Doscher v. Sea Port Grp. Sec., LLC*, 832 F.3d 372, 378 (2d Cir. 2016), *abrogated on other grounds by Badgerow v. Walters*, 596 U.S. 1 (2022)), or until "an intervening Supreme Court decision casts doubt on the prior ruling" such that "the Supreme Court's conclusion in a particular case . . . broke[] the link on which we premised our prior decision or undermined an assumption of that decision," *Doscher*, 832 F.3d at 378 (internal citations and quotations omitted and alterations adopted).

Nothing in *Taylor* overrules, alters, or otherwise casts doubt on the aiding-and-abetting logic and conclusion set forth in *McCoy I*. The Supreme Court in *Taylor* rejected the premise that a specific offense—attempted Hobbs Act robbery—constituted a § 924(c)(3)(A) crime of violence. *See* 596 U.S. at 850–51. This is because one element of completed Hobbs Act robbery requires the defendant to have used "actual *or threatened* force." *Id.* (emphasis added). A

12

person could therefore commit attempted Hobbs Act robbery through the mere *attempted threat* of force. It necessarily followed then that attempted Hobbs Act robbery did not categorically involve the use, attempted use, or threatened use of physical force and could not qualify as a crime of violence under § 924(c)(3)(A). *Id.* at 852.

Unlike attempt, however, aiding and abetting merely assigns criminal liability; it does not define the crime. Thus, in an aiding and abetting prosecution, the Government must still prove that "the underlying crime was committed by someone other than the defendant." *United States v. Pipola*, 83 F.3d 556, 562 (2d Cir. 1996). Where the underlying substantive offense has "as an element . . . the use, attempted use, or threatened use of force," *Taylor*, 596 U.S. at 850, the same force is necessarily an element in an aiding and abetting prosecution. "[C]riminal law now uniformly treats [aiders and abettors and principals] alike." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 190 (2007). A defendant convicted of aiding and abetting a crime of violence is therefore guilty of the crime of violence itself; the crime of violence thus qualifies as a proper predicate for § 924(c) liability.

In so holding, we join our sister Circuits that have likewise rejected the argument that *Taylor* called into question the viability of § 924(c) violations or

13

convictions predicated on aiding and abetting crimes of violence. *See United States v. Stevens*, 70 F.4th 653, 661–63 (3d Cir. 2023) (explaining that because the acts of the principal become those of the aider and abettor as a matter of law, a conviction for aiding and abetting completed Hobbs Act robbery qualified as a crime of violence under § 924(c)); *United States v. Draven*, 77 F.4th 307, 316–18 (4th Cir. 2023) ("[O]ur precedent clearly dictates that carjacking resulting in death is a crime of violence[;] so too [then] is aiding and abetting carjacking resulting in death" because "aiders and abettors are treated as principals."); *United States v. Hill*, 63 F.4th 335, 362–63 (5th Cir. 2023) ("[W]e conclude that the substantive equivalence of aiding and abetting liability with principal liability means that aiding and abetting Hobbs Act robbery is, like Hobbs Act robbery itself, a crime of violence."); *Nicholson v. United States*, 78 F.4th 870, 880–81 (6th Cir. 2023) ("VICAR [(Violent Crimes in Aid of Racketeering)] aiding-and-abetting assault with a dangerous weapon qualifies as a crime of violence because an element of the offense requires a finding of the use or threatened use of physical force."); *United States v. Worthen*, 60 F.4th 1066, 1067–71 (7th Cir. 2023) (holding that because an aider and abettor of a substantive offense "necessarily commits all the elements" of the offense, when the substantive offense satisfies § 924(c)(3)(A), aiding and abetting the offense

14

qualifies as a crime of violence as well); *United States v. Eckford*, 77 F.4th 1228, 1236–37 (9th Cir. 2023) ("*Taylor* dealt with an inchoate crime, an attempt, and does not undermine our precedent on aiding and abetting liability" because "aiding and abetting is a different means of committing a single crime, not a separate offense itself." (citation and internal quotations omitted)); *United States v. Wiley*, 78 F.4th 1355, 1363–65 (11th Cir. 2023) (rejecting the argument that the reasoning underlying *Taylor*'s attempted Hobbs Act robbery analysis was applicable to accessory liability under § 2 because aiding and abetting "is not a separate federal crime" like attempt (citation omitted)).

In sum, when a jury convicts a defendant of a crime of violence premised on aiding-and-abetting liability, that defendant is guilty under the law of the crime of violence itself. Because Medunjanin was convicted of a crime of violence, his remaining § 924(c) conviction is valid.

## CONCLUSION

For the reasons stated above, the judgment of the United States District Court for the Eastern District of New York is **AFFIRMED.**

15