24-2672-cr
*United States v. Santos*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of March, two thousand twenty-six.

PRESENT:

>JOHN M. WALKER, JR.,
>BARRINGTON D. PARKER,
>JOSEPH F. BIANCO,
>>*Circuit Judges.*

_____

United States of America,

>*Appellee,*

v.                                                          24-2672

Manuel Santos,

>*Defendant-Appellant.*

1

_____

**FOR DEFENDANT-APPELLANT:** Manuel Santos, pro se, Otisville, NY.

**FOR APPELLEE:** Elizabeth D'Antonio, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, *on the brief*), *for* Joseph Nocella, Jr., United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court, entered on September 17, 2024, is **AFFIRMED**.

Manuel Santos, pro se, appeals from the district court's denial of his motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A). In 2004, a jury found Santos guilty of two counts of murder while engaging in a drug offense, and one count of possessing and discharging a firearm in furtherance of a crime of violence. In 2005, the district court sentenced Santos, principally, to two concurrent life terms of imprisonment, and a consecutive term of 10 years'

imprisonment. In June 2024, Santos filed a fifth motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), arguing that changes in the law amounted to extraordinary and compelling reasons for release, among other things. The district court denied the motion, concluding that Santos had not established any extraordinary and compelling reason for a sentence reduction. *United States v. Santos*, No. 01-CR-537 (ARR), 2024 WL 4212024 (E.D.N.Y. Sept. 17, 2024). We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal.[1]

We review "the denial of a motion for compassionate release for abuse of discretion, which incorporates de novo review with respect to questions of statutory interpretation." *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021) (per curiam). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam) (quoting *Saladino*, 7 F.4th at 122).

---

[1] On appeal, Santos also filed a motion for compassionate release directly with this Court.

Under 18 U.S.C. § 3582(c)(1)(A), a district court "may reduce" a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction," and "after considering the factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A)(i). Concluding that either condition is not present is sufficient to deny relief and for this Court to affirm. *See Keitt*, 21 F.4th at 73.

Upon reviewing the record, we conclude the district court did not abuse its discretion by denying compassionate release. Santos failed to establish an extraordinary and compelling reason for a sentence reduction based on changes in the law.

First, *United States v. Booker*, 543 U.S. 220 (2005), did not amount to a change in the law for purposes of Santos's sentence because it was decided *before* Santos's sentencing. *Booker* was decided on January 12, 2005, months before Santos's October 2005 sentencing.

Second, Santos's arguments premised on *Alleyne v. United States*, 570 U.S. 99 (2013), lack merit. In *Alleyne*, the Supreme Court held that "any fact that increases the mandatory minimum [sentence] is an 'element' that must be

4

submitted to the jury." 570 U.S. at 103. In that case, "the District Court imposed [a] 7–year mandatory minimum sentence based on its finding by a preponderance of evidence that [a] firearm was 'brandished.' Because the finding of brandishing increased the penalty to which the defendant was subjected, it was an element, which had to be found by the jury beyond a reasonable doubt." *Id.* at 117.

Here, as the district court had previously explained, there was no doubt that the jury would have found that Santos discharged a firearm under 18 U.S.C. § 924(c)(1)(A)(iii) because the jury had found him guilty of intentional killing for the same conduct. **[*See* ROA doc. 188 (Or.).]** On appeal, Santos emphasizes that the jury was given aiding-and-abetting instructions. **[Appellant's Br. at 12–13.]** But "aiding and abetting merely assigns criminal liability; it does not define the crime." *Medunjanin v. United States*, 99 F.4th 129, 135–36 (2d Cir. 2024).

Accordingly, the district court did not abuse its discretion by denying Santos's fifth motion for a sentence reduction. For the same reasons, we also deny Santos's motion for compassionate release that he directly filed with this Court.

We have considered all of Santos's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court, entered on September 17, 2024, and **DENY** Santos's motion for compassionate release.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court